# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

**ANDREW SAMUEL PARKER**
Plaintiff,
v.
**UNITED STATES SECURITIES AND EXCHANGE COMMISSION; FORUM ENERGY TECHNOLOGIES, INC.; MICROSOFT CORPORATION, GOOGLE LLC, APPLE INC, GARMIN CORPORATION, AND DOES: will reserve for amendment as identified.** Defendants.
Civil Action No. __________

**SEC -** Office of General Counsel 100 F Street, NE, Washington, DC 20549

**GOOGLE LLC -** REBECCA VANG 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA 95833

**MICROSOFT CORPORATION -** 300 DESCHUTES WAY SW STE 208 MC-CSC1, TUMWATER, WA, 98501, UNITED STATES

**GARMIN CORPORATION -** 1200 EAST 151ST STREET OLATHE, KS 66062

**APPLE INC.-** AMANDA GARCIA 330 N BRAND BLVD GLENDALE, CA 91203

**FORUM ENERGY TECHNOLOGIES, INC.-** RA: NATIONAL REGISTERED AGENTS, INC, Address: 1209 ORANGE STREET, WILMINGTON DE 19801

**PricewaterhouseCoopers LLP (PwC LLP): -** New York Department of State Division of Corporations One Commerce Plaza 99 Washington Avenue Albany, NY 12231

# COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF

**Immediate Relief Sought:**

1. Injunctions and Preservation Orders for Microsoft, Google, Apple and Garmin related to illegal conduct during trial and since 2019 at least to monitor my personal information and engage in harassment. Also a preservation order specifically to the Gates Foundation regarding Wild Bill Gates and his conduct to motivate a desire to hit edit-undo on my cover letters since 2019 and recently court documents. Please see preservation requests and cease and desists.
2. I will attach one for Garmin. Basically they deleted a route from my GPS device the morning of a race when I had it downloaded it earlier in the week and synched the device with my phone several times like the day before when I saw it and did another route.
3. Please note that this complaint was attempted to be filed on 8/18/2026 but due to being blocked/rerouted from the NY pro-se intake unit's phone number I was unable to call to confirm my case number, and it was never posted on PACER despite sending in money order. I also needed to recover from serious anemia during that time and have recovered my sense of smell and peripheral vision, which has delayed my second filing.

# I. INTRODUCTION

1. Plaintiff brings this action concerning the disappearance, deletion, alteration, or removal from public access of historical securities disclosures concerning Forum Energy Technologies, Inc. ("FET"), including historical Form 8-K filings from approximately 2014–2017 most likely Q2 2017 due to the timing of discussion on a quarterly earnings call concerning an upcoming response to a SEC letter of inquiry or informal investigation. I referenced it during year end 2017 testing on the EDGAR website that happened in the beginning of 2018.
2. Plaintiff alleges that one or more FET Form 8-K filings concerning an SEC inquiry were previously publicly available through the SEC's EDGAR system but subsequently became unavailable, materially altered, or otherwise inaccessible.
3. Plaintiff further alleges that the SEC subsequently modified securities-disclosure requirements and record-keeping requirements, including amendments adopted on June 28, 2018[1] to delete the record retention table and for other disclosure requirements in 2020, but those amendments were prospective and did not expressly authorize destruction or deletion of historical EDGAR filings that had already been publicly disseminated.
4. The SEC's prior records-control regulations provide a historical basis for examining the alleged disappearance of the historical FET filings. In particular, **17 C.F.R. § 200.80f, Appendix F**, in the version applicable during the relevant period, classified Exchange Act "Periodic reports (annual, quarterly, current and proxy materials)" as records subject to a

---

[1] https://www.sec.gov/files/rules/final/2018/34-83506.pdf (last visited 11/13/2026): Date is close to facts at issue.

**30-year retention period**.

5. Form 8-K is a current report under the Exchange Act. Plaintiff therefore alleges that the historical FET Form 8-K fell within the category of Exchange Act current reports subject to the SEC's 30-year records-retention schedule before it began managing its records under the federal records act.
6. Plaintiff does not presently allege that §200.80f necessarily required every historical filing to remain continuously displayed on the EDGAR website for the entire retention period. Rather, Plaintiff alleges that the regulation imposed a legally relevant retention requirement and that any destruction, disposal, or elimination of the underlying Commission record would require identification of the legal authority authorizing that disposition or other circumstances authorizing as authorized by agency policy.
7. A freedom of information act request recently released regarding the subject at FET that was requested in advance of the rule change, indicates based on a pattern of conduct discussed shortly below and in a complaint incorporated by referenced there, that the SEC and FET took unlawful actions in advance of a change in practice regarding the disclosure of known or contemplated material litigation in the 10-K's legal disclosure.[2]
8. The SEC's published EDGAR guidance further states that SEC staff generally do not delete filings and that deletion occurs only in very rare and unusual circumstances.[3] Plaintiff seeks discovery to determine whether removal of the FET filings occurred, when it occurred, who authorized it, and what legal authority purportedly authorized the action.
9. Plaintiff also seeks preservation and discovery of the original recordings, transcript versions, revision histories, metadata, and other records concerning FET's **Q2 earnings call in 2016 & 2017**. In one of these earnings calls the result of the letter of inquiry discussed in 8-K was disclosed as appropriately handled, at least according to the outside auditor's records.
10. Plaintiff has also reviewed an only recently publicly released Freedom of Information Act request at the SEC for FET from an outside data collector/lobbying group in fall 2017 in advance of a change in practice to a more "principal" based approach of disclosure of known or contemplated material litigation risk in the 10-K , and sent shortly after a covered up/ fraudulently handled external tip of fraud by the GC John Ivascu and PwC following other tips that generated the letter of inquiry due to the desire to write off the tip as immaterial following other references to earlier tips and resulting letter of inquiries in audit workpapers that would soon be reviewed by other audit firms upon rebid.
11. The general counsel is only required to report material violations to the CEO and audit committee if inappropriate action is taken to represent shareholders best interest. In this case based on my knowledge of the report per conversations with the whistleblower the fraud alleged a much larger number of accounts than investigated by the GC, involved other business units, many of which whose controls regarding accounts at issue at the unit the whistleblower worked on were not tested by IA like fixed asset controls.
12. As a result of the more principals based approach adopted in 2020 and instead of incorporating into GAAP, Item 103 that requires disclosure of material pending litigation

---

[2] https://www.sec.gov/files/18-00038-t.pdf? (last visited 11/13/2026)

[3] https://www.sec.gov/submit-filings/filer-support-resources/how-do-i-guides/correct-or-delete-filing (last visited 11/13/2026)

known to be contemplated by government authorities.[4] Information generally enters the the audit/review process when there is evidence of illegal acts or a material loss contingency and an auditor must make the determination of materiality when presented with an external tip of fraud or illegal acts or it involved senior management.[5] As was alleged to me by the employee who reported.

13. The SEC began accepting comments for a change to incorporate Item 103 into GAAP because of the belief that GAAP and security disclosure requirements were materially different but overlapping disclosure regimes.
14. Purposely in advance of an SEC rule change consideration and indicative of per se vertical conduct and shared secrets with the SEC. All in advance of disclosed bankruptcy risk by FET and potential securities litigation. These actions/ incentives provided a convenient excuse for PwC and FET to scrub the record and report the appropriate data in advance of the rule making change. Analysts dropped coverage after bankruptcy through 2023 which could have accomplished the deletion evidence of the report of fraud from 8-K filings stored in internal databases or earnings call transcripts they had internally stored.

15. The FET website press releases only were scrubbed for dates earlier about the same day or shortly after the external tip from online archives websites seen through a screenshot that day or shortly after on an internet archive.
16. This type of pattern of conduct can also be seen by PwC/FET coordinated actions for a tic tac control failure outside of inventory and in goodwill impairment after an acquisition in advance of a goodwill impairment rule change consideration at the FASB.
17. When control failures in goodwill impairment, specifically the allocation of impaired basis following acquisitions, was specifically mentioned in panels discussing a possible rule change. Those who voiced the opinion, who are not documented in the record but could have included those who would have discussed the matter with relevant PwC partners due to their senior roles, said that these exact control failures were one reason that goodwill should be impaired under the 3-part test, rather than amortized on a regular basis with impairment when indicated.
18. Goodwill impairment at that time was one of the most time consuming areas for some senior members of the team which contributed to sometimes collectible overruns, and with acquisitions it became an add-on rate to the regular recurring rate and engagement margin. That is why PwC partners would have wanted to promote the current goodwill impairment test.
19. In terms of SEC actions, “Per Se” vertical conduct described under the Sherman Act incorporated by reference from complaint mentioned below, RICO conspiracy of independent actions outside of those with an effect to securities purchasers prevented by Section 1964(c), and independent securities law violations to innocent purchasers like the plaintiff. As a result of vertical conduct.
20. Pattern of conduct also evident in Parker vs. PwC No: 1:25-CV-00304-DAE in the Western District of Texas under order to seal regarding an FCPA False Claim for an international oil services company. Incorporated by reference in particular regarding civil rights violations,

---

[4] https://www.law.cornell.edu/cfr/text/17/229.103? (last visited 11/13/2026)

[5] https://pcaobus.org/oversight/standards/auditing-standards/details/AS2401 see .79 (last visited 11/13/2026)

retaliation through employment discrimination, and other illegal and tortious actions in a conspiracy to unfairly interfere with my economic prospects.

# II. JURISDICTION/VENUE

1. This action arises in part under the Administrative Procedure Act, 5 U.S.C. §§ 701–706. Federal Question Jurisdiction under 28 **U.S.C. § 1331.**
2. Plaintiff seeks review of agency action and/or agency action unlawfully withheld or unreasonably delayed.
3. Jurisdiction is also invoked under 28 U.S.C. § 1331 and **18 U.S.C. § 1964(c)**, to the extent applicable**.**
4. **Venue is proper under 15 U.S.C. 78aa** of the Securities Exchange Act, a private civil securities action may be brought in**: The district where any act or transaction constituting the violation occurred** (e.g., where a fraudulent misstatement was made, received, or where stock transactions took place).**The district where the defendant is found, is an inhabitant, or transacts business**

# III. PARTIES

1. Plaintiff is an individual who has suffered economic injury associated with the matters described herein.
2. Defendant United States Securities and Exchange Commission ("SEC") is the federal agency responsible for administering and enforcing the federal securities laws and operating the EDGAR filing system.
3. Defendant Forum Energy Technologies, Inc. ("FET" or "Forum") was a public reporting company during the relevant period and filed reports with the SEC.

# IV. HISTORICAL FET EDGAR FILINGS

1. FET filed numerous Forms 8-K with the SEC during 2016 and 2017.
2. Plaintiff identified a historical FET disclosures that allegedly concerned an SEC letter of inquiry during year end 2017 testing on the FET press release website and confirmed it was on Edgar at that time. Mainly because FET does not include SEC filings with press releases.
3. Plaintiff alleges that the relevant filing or filings were previously publicly available through EDGAR.
4. Plaintiff further alleges that the relevant filing or filings subsequently became unavailable or materially different from the historical version.
5. Plaintiff presently lacks access to the SEC's internal EDGAR audit records necessary to determine the precise date, mechanism, user, authorization, and reason for the disappearance or alteration.
6. Plaintiff therefore pleads these facts in part on information and belief because the relevant technical and administrative information is controlled by Defendants.

# V. SEC RECORDS-RETENTION REQUIREMENT

1.Federal Records Act — Statutory Preservation and Disposition Requirements The Federal Records Act, including 44 U.S.C. §§ 3101, 3105, 3106, 3301, 3303a, and 3314, establishes statutory requirements governing the preservation, protection, and lawful disposition of federal agency records.

2. Under 44 U.S.C. § 3301, federal records include recorded information received by an agency in connection with public business and preserved or appropriate for

preservation because of its evidentiary or informational value, including electronic records.

3. Under 44 U.S.C. § 3314, federal records may not be destroyed except through the procedures prescribed by Chapter 33. Section 3303a establishes the Archivist's authority to approve disposition schedules.
4. The SEC's historical Records Control Schedule, 17 C.F.R. § 200.80f, Appendix F, formerly classified Exchange Act current reports among records subject to a 30-year retention period. However, that was removed in 2018. Today, SEC record retention and disposition schedules are governed internally in coordination with the National Archives and Records Administration (NARA) under the Federal Records Act rather than published as an appendix to the SEC's FOIA rules, while public corporate filings remain permanently accessible via the EDGAR system
5. Plaintiff alleges that, if the SEC destroyed or unlawfully disposed of the official records of Forum Energy Technologies, Inc.'s Form 8-K without lawful disposition authority, such conduct would implicate the Federal Records Act and the SEC's governing records-control requirements.
6. Furthermore, 44 U.S.C. § 3106 imposes specified notification and recovery obligations concerning unlawful removal, alteration, deletion, or destruction of federal records. To the extent the SEC acquired knowledge triggering those obligations and failed to perform a discrete, legally required action, Plaintiff seeks review under 5 U.S.C. § 706(1), subject to the requirements governing judicial review of agency inaction.
7. Plaintiff separately alleges that any affirmative removal of historical filings from public EDGAR access must be evaluated under applicable law, including 5 U.S.C. § 706(2), without presuming that loss of public access necessarily constitutes destruction of the underlying federal record.
8. The regulation therefore establishes a specific records-retention period applicable to Exchange Act current reports.
9. FET's Form 8-K filings were Exchange Act current reports.
10. Plaintiff alleges that if the SEC destroyed, disposed of, or otherwise eliminated the underlying Commission records it was unlawful.
11. Plaintiff further alleges that the SEC cannot lawfully rely solely upon a later change in substantive disclosure requirements/practice as an authority to dispose of historical Commission records where the applicable records-retention schedule continues to govern those records.
12. Plaintiff seeks discovery sufficient to determine whether the SEC actually destroyed the underlying records, transferred or archived them, restricted public access to them, replaced them with another version, or otherwise removed them from EDGAR without destroying the underlying Commission record.
13. Plaintiff also seeks discovery concerning any amendment, superseding schedule, records management directive, EDGAR Filer Manual provision, National Archives disposition authority, or other legal authority that allegedly permitted disposition of the FET filings.

# VI. RECORDS-MANAGEMENT LAW PROVIDES A BASIS FOR APA REVIEW

1. Federal courts have recognized that agency records-disposition decisions are subject to judicial review where applicable records-management statutes and regulations provide standards governing agency conduct.
2. In **American Friends Service Committee v. Webster, 720 F.2d 29, 43–44 (D.C. Cir. 1983)**, the D.C. Circuit held that claims challenging federal records-disposal practices could proceed under the APA and rejected the argument that records-management decisions were categorically committed to agency discretion.
3. The court recognized that federal records-management laws containing specific standards and directives concerning record preservation supplied "law to apply" to determine if an agency action was subject to discretion as arbitrary and capricious rather than judicial review.
4. The court further recognized that records-management laws establish a statutory system governing the creation, maintenance, use, and eventual disposition of federal records.
5. Plaintiff alleges that the SEC's prior specific 30-year retention classification for Exchange Act current reports provides a standard against which the alleged disposition of the historical FET filings can be evaluated.
6. Plaintiff does not contend that *American Friends Service Committee v. Webster* establishes that every SEC filing must remain publicly accessible. Rather, Plaintiff relies upon the decision for the narrower proposition that records-disposition conduct governed by specific records-management standards is not necessarily insulated from APA review as an exercise of unreviewable agency discretion.
7. The SEC's website states that: Only in very rare and unusual circumstances will SEC staff consider requests to delete in total or redact portions of a filing on the EDGAR system. [6] Vertical conduct in this situation contributed.

# VII. THE SEC DISCLOSURE-RULE CHANGE

1. On August 26, 2020, the SEC adopted amendments to Regulation S-K Items 101, 103, and 105 in Release Nos. 33-10825 and 34-89670.
2. The amendments became effective November 9, 2020.
3. The SEC described the amendments as modernization intended to improve disclosure for investors, simplify compliance, improve readability, and discourage repetition and disclosure of information that was not material.
4. The amended Item 103 concerned disclosure of material pending legal proceedings and certain governmental proceedings. The only notable change made was to increase the quantitative threshold for environmental litigation. At this time there was also a shift to a more principals based approach to disclosing possible litigation for that known or known to be contemplated including the SEC's letters of inquiry. Many believe that the change in the approach to litigation disclosure could be due to the material different but overlapping regimes between GAAP's ASC 450-20 reliance on probability of loss contingency that would lead to disclosure and Item 103's more principal based

---

[6] https://www.sec.gov/submit-filings/filer-support-resources/how-do-i-guides/correct-or-delete-filing (last visited 11/13/2026)

approach.

5. The SEC's rule making addressed the nature and usefulness of public disclosure concerning legal proceedings and related information.
6. Nothing in the identified 2020 amendments expressly provides that previously filed and publicly disseminated Form 8-K filings should be destroyed or deleted merely because information contained in such historical filings would not be required under the amended rules.
7. The amended requirements were prospective, with an effective date of November 9, 2020.
8. Plaintiff therefore alleges that, if the SEC relied upon the 2020 amendments as authority to delete historical FET Form 8-K filings, such action exceeded the prospective scope of the amendments and was contrary to law.
9. Plaintiff further alleges that the change in public company practice and 2020 amendments did not, without more, supersede the SEC's separate records-retention requirements governing historical Commission records.
10. Plaintiff seeks discovery concerning whether any SEC policy, interpretation, instruction, EDGAR Filer Manual provision, records-management directive, National Archives authority, or other legal authority was relied upon to remove the FET filings.

# VIII. SEC EDGAR PRESERVATION AND DELETION

1. The SEC's published EDGAR guidance states that SEC staff do not generally correct errors in or delete filings from EDGAR.
2. The SEC further states that deletion occurs only in very rare and unusual circumstances.
3. The SEC also explains that an original filing and a corrective filing ordinarily remain on EDGAR, preserving the historical public record.
4. Plaintiff alleges that these principles are relevant to determining whether removal of the historical FET filings was authorized.
5. Plaintiff requests production of the records necessary to determine whether the FET filings were actually deleted, whether they were migrated or archived, whether access was restricted, and whether any replacement version exists.

# IX. FET Q2 2016 & 2017 EARNINGS CALL

1. FET conducted its second-quarter 2016 and 2017 earnings call as a public company.
4. Plaintiff seeks production and preservation of:

a. the original audio recording;
b. every transcript version;
c. the original transcript;
d. every revised transcript;
e. timestamps associated with each revision;
f. metadata concerning each revision;
g. communications concerning preparation or revision of the transcript;
h. records identifying the transcription vendor;
i. communications between FET and the transcription vendor; and
j. records establishing when any revised version was first made publicly available. 1. Plaintiff does not presently allege that the existence of a “Revised” designation alone establishes wrongdoing. Plaintiff alleges that the existence of multiple versions warrants discovery where the underlying historical disclosure is potentially material.

# XI. August 2026 DISCOVERY

1. Plaintiff reasonably discovered the significance of the alleged conduct in or about **August 2026**.
2. Prior to that time, Plaintiff reasonably relied upon EDGAR as the public repository for historical SEC filings.
3. Plaintiff had no reasonable basis to assume that a historically public FET filing had been deleted or materially altered by the SEC without examining the historical record and comparing available archival evidence.
4. The relevant technical records concerning deletion, alteration, authorization, preservation, and EDGAR maintenance were not apparent from the remaining public database.
6. Plaintiff alleges that the facts necessary to identify the nature and cause of the alleged deletion or alteration were not reasonably discoverable until August 2026 due to other changes to government information on their websites like PACER. When originally investing in the stock I thought the 8-Ks were still listed. Subsequently I realized that management was not taking proper responsibility for externally reported fraud risk due to actions around an out of court restructuring and later sold out of my stock position.
7. Plaintiff therefore pleads that any applicable discovery rule, accrual doctrine, equitable tolling doctrine, or other limitations principle should be applied based upon the date on which Plaintiff reasonably discovered the underlying factual injury.

# COUNT I

# ADMINISTRATIVE PROCEDURE ACT — FAILURE TO PERFORM A NON-DISCRETIONARY DUTY 5 U.S.C. §§ 702, 706(1) DEF: SEC

1. Plaintiff incorporates all other paragraphs.
2. Section 706(1) of the APA authorizes a reviewing court to compel agency action unlawfully withheld or unreasonably delayed. In this case it is in regards to the earlier response to a Freedom of Information Act Request.
3. Plaintiff alleges that the SEC's Records Control Schedule established a legally applicable retention period for Exchange Act current reports.
4. Plaintiff alleges that the historical FET Form 8-K constituted Exchange Act current reports within the meaning of the Records Control Schedule.
5. Plaintiff further alleges that, if the SEC destroyed or disposed of the underlying FET Commission records, the SEC failed to comply with a specific records-retention requirement.
6. Plaintiff alleges that this obligation is materially different from a general policy preference that the SEC “should” preserve historical filings.
7. The applicable regulation supplied a defined retention period and therefore provides a concrete standard against which the SEC's conduct can be evaluated.
8. Plaintiff further relies upon **American Friends Service Committee v. Webster, 720 F.2d 29 (D.C. Cir. 1983)**, recognizing APA review of federal records-management and disposal practices where governing records law provides specific preservation standards.
9. Plaintiff requests an order requiring the SEC to determine and disclose whether the

historical FET filings were destroyed, disposed of, transferred, archived, restricted, replaced, or otherwise removed from public access, and to comply with any continuing non-discretionary retention obligation applicable to those records.

## COUNT II
## ADMINISTRATIVE PROCEDURE ACT — ACTION CONTRARY TO LAW
## 5 U.S.C. §§ 702, 706(2)(A) & (C) DEF: SEC

1. Plaintiff incorporates all other paragraphs.
2. The APA authorizes a reviewing court to hold unlawful and set aside agency action that is arbitrary, capricious, contrary to law, in excess of statutory authority, or otherwise unlawful. 3. If the SEC removed historical FET Form 8-K filings pursuant to a later disclosure-rule amendment that did not authorize retrospective deletion, such conduct was contrary to law and in excess of the agency's authority.
4. Changing the disclosure requirements applicable to future filings is materially different from destroying or removing historical filings that had already been publicly disseminated.
5. Plaintiff therefore requests review of the administrative record and the SEC's explanation for any deletion, destruction, disposal, removal, or alteration.

## COUNT III
## ADMINISTRATIVE PROCEDURE ACT — ARBITRARY AND CAPRICIOUS ACTION & BEYOND EXPRESS AUTHORITY
## 5 U.S.C. § 706(2)(A) & (C) DEF: SEC

1. Plaintiff incorporates all other paragraphs.
2. If the SEC interpreted a prospective disclosure amendment as authorization to erase historical public records, the agency would be required to provide a reasoned explanation for that interpretation.
3. Plaintiff alleges that no publicly identified rule has been located expressly authorizing retrospective deletion of the historical FET Form 8-K filings based solely upon the later change in disclosure requirements.
4. Plaintiff further alleges that any such interpretation would require consideration of the unlawful deletion.
5. Plaintiff therefore requests review of the agency's reasoning, administrative record, and legal authority for the alleged disposition.

## COUNT IV
## DECLARATORY AND INJUNCTIVE RELIEF

1. Plaintiff incorporates all other paragraphs.
2. Plaintiff requests a declaration identifying the legal authority, if any, under which the historical FET filings were removed, deleted, redacted, replaced, or otherwise made unavailable.
3. Plaintiff requests preservation of all relevant SEC records, including EDGAR audit logs, deletion records, correspondence, internal instructions, and records concerning FET's SEC inquiry.
4. Plaintiff also requests preservation of all FET records concerning the Q2 2016 and Q2 2017 earnings calls, including original audio and transcript revision histories.

## COUNT V
## SECURITIES FRAUD — SECTION 10(b) AND RULE 10b-5
## AGAINST FET AND SEC if sovereign immunity waived

1. Plaintiff incorporates all other paragraphs..
2. The Plaintiff purchased or sold FET securities in connection with the alleged materially false or misleading statements in April 2019 -July 2019 and that the requirements of the federal securities laws are satisfied.
3. FET, through its officers or authorized representatives, made statements to investors through earnings calls and other public disclosures.
4. Plaintiff alleges that discovery is necessary to determine whether the revisions resulted in substantive changes to statements concerning matters material to investors.
5. Plaintiff alleges that the original recordings, earliest transcript versions, revised transcripts, metadata, and communications are material evidence concerning whether any statement was changed, when the change occurred, and who authorized it.
6. Plaintiff reserves the right to amend this count after obtaining the underlying recordings, transcript histories, drafts, metadata, and communications concerning the two identified earnings calls.

## COUNT VI
## CONTROL-PERSON LIABILITY
## SECTION 20(a), 15 U.S.C. § 78t(a)

1. Plaintiff incorporates all other paragraphs..
2. To the extent individual defendants exercised control over persons or entities responsible for challenged statements, Plaintiff alleges control-person liability under Section 20(a). 3. Plaintiff will amend this count when discovery identifies the persons responsible for preparation, approval, alteration, or dissemination of the challenged statements.

**COUNT VII**
**RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT — 18 U.S.C. §§ 1961–1964**

Against all the Private Defendants and Other Appropriate Persons or Entities as discovered.

1. Plaintiff incorporates by reference all preceding allegations and paragraphs.
2. This Count is asserted against private persons or entities only to the extent discovery establishes the existence of the elements required by 18 U.S.C. §§ 1961–1964. Plaintiff does not presently assert that the United States Securities and Exchange Commission is a "person" subject to civil RICO liability, and Plaintiff does not seek treble damages against the United States under this Count.
3. Section 1961(1) defines "racketeering activity" to include, among other offenses, acts indictable under 18 U.S.C. §§ 1341 (mail fraud- as part of scheme and with intent to defraud with FET, PwC and the SEC sending false promotional documents with S-4 in 2020 for bond offering needed for an out of court restructuring and SEC filed disclosures), 1343 (wire fraud- in paying fees and for fraudulent internet transmission), 1503 (obstruction of justice- in influencing potential litigation and bankruptcy proceedings known at the time with a Bosnian foreign war criminal's stripper Joy Davis' popularity at PwC to such parties as the office goat Charlie Adams the new partner with consummated close connections to her high school friends from Kingwood, TX and to win business with Russia), 1510 (obstruction of criminal investigations- related to letter of inquiry, freedom of information act request with fraudulent response and other possible criminal investigations ), 1512 (tampering with a witness, victim, or informant- see Parker vs PwC complaint for constitutional violations and the above), and 1513 (retaliation against a witness, victim, or informant- see Parker vs PwC complaint for constitutional violations other illegal actions and the above).
4. Section 1961(4) defines an "enterprise" to include a corporation, association, or group of individuals associated in fact, whether or not legally incorporated.
5. Section 1961(5) requires at least two acts of racketeering activity constituting a pattern, with the acts occurring within the statutory period.
6. Section 1962(c) prohibits any person employed by or associated with an enterprise engaged in interstate or foreign commerce from conducting or participating, directly or indirectly, in the enterprise's affairs through a pattern of racketeering activity. Section 1962(d) separately prohibits conspiracies to violate § 1962.
7. Plaintiff alleges, on information and belief and subject to discovery, that certain private defendants, including persons associated with FET and potentially persons or entities acting in concert with FET, constituted or participated in an association-in-fact enterprise whose activities affected interstate or foreign commerce.
8. The alleged enterprise included persons responsible for financial reporting, public disclosure, accounting, legal review, investor communications, website publication, records management, and/or communications concerning SEC inquiries and financial reporting.
9. Plaintiff alleges damages to his property and business as a result of conduct as listed in this complaint and Parker vs. PwC No: 1:25-CV-00304-DAE. Also the involvement of former government law enforcement with badges has raised concern and deserves

proper discovery before charges are alleged.

**A. False Books, Records, and Accounting Controls**

9. FET, as an issuer subject to the Securities Exchange Act, was required by 15 U.S.C. § 78m(b)(2)(A) to make and keep books, records, and accounts that, in reasonable detail, accurately and fairly reflected its transactions and dispositions of assets.

10. Section 78m(b)(5) further prohibits knowingly circumventing or knowingly failing to implement required internal accounting controls and knowingly falsifying books, records, or accounts.

11. Plaintiff alleges that discovery may establish that materially false or incomplete accounting records, supporting schedules, disclosure records, or other corporate records were created, maintained, altered, or used in connection with the matters alleged herein.

12. Plaintiff does not contend that a violation of 15 U.S.C. § 78m(b), standing alone, constitutes a predicate offense under 18 U.S.C. § 1961(1). Rather, such conduct is alleged as evidence of the fraudulent scheme, the enterprise's purpose and operation, knowledge, intent, concealment, and the relationship among the separately qualifying predicate acts alleged below.

**B. Electronic and Interstate Communications**

13. Plaintiff alleges, subject to discovery, that interstate electronic communications, emails, electronic filings, website publications, investor communications, accounting communications, and/or other transmissions were used to execute, advance, conceal, or maintain the alleged scheme.

14. To the extent any such communication constituted a knowing transmission in interstate commerce of a material falsehood or fraudulent representation as part of a scheme to obtain money or property by fraud, Plaintiff alleges that such conduct constitutes wire fraud under 18 U.S.C. § 1343 and therefore a predicate act under 18 U.S.C. § 1961(1)(B).

15. To the extent the mails were knowingly used to execute the alleged scheme, Plaintiff alleges that such conduct may constitute mail fraud under 18 U.S.C. § 1341 and therefore a predicate act under § 1961(1)(B).

16. Plaintiff will identify particular communications, dates, participants, recipients, and contents as discovery permits and pleads presently known facts consistent with Rule 11 and Rule 9(b).

**C. Alteration, Concealment, or Destruction of Records**

17. Plaintiff alleges, on information and belief, that historical FET public disclosures and related records may have been altered, removed, concealed, or otherwise made unavailable after their original dissemination.

18. The evidence presently available includes historical archival material indicating that certain FET website materials were publicly available at an earlier time and subsequently became unavailable, as well as historical indications concerning the existence of FET SEC related disclosures and revised earnings-call transcripts.

19. Plaintiff does not presently allege that disappearance from an Internet archive, standing alone, establishes destruction of an SEC record.

20. Plaintiff alleges instead that discovery is necessary to determine whether the underlying FET corporate records, SEC filings, website records, or other documentary material were knowingly altered, destroyed, concealed, or falsified and, if so, whether such conduct was undertaken with an intent to impede, obstruct, or influence a federal investigation or other matter within the jurisdiction of a federal department or agency.

21. Such conduct, if established, may constitute an offense under 18 U.S.C. § 1519.
22. Plaintiff recognizes that § 1519 is not itself among the specifically enumerated offenses in § 1961(1)(B). Plaintiff therefore does not plead § 1519 as an independent RICO predicate. Plaintiff pleads the alleged § 1519-type conduct as an independent potential federal offense, as evidence of knowledge and intent, and as evidence bearing upon the existence, operation, continuity, and purpose of the alleged enterprise and the separately qualifying predicate acts.

23. Section 1519 expressly prohibits knowingly altering, destroying, mutilating, concealing, covering up, falsifying, or making a false entry in a record, document, or tangible object with intent to impede, obstruct, or influence a matter within the jurisdiction of a federal department or agency, including matters in relation to or contemplation of such a matter.

**D. Obstruction and Document Tampering**

24. Plaintiff further alleges, subject to discovery, that if records were altered, destroyed, or concealed after the participants knew of an official proceeding, investigation, or other qualifying federal matter, the conduct may constitute an offense under 18 U.S.C. § 1512(c).

25. Section 1512(c)(1) prohibits knowingly altering, destroying, mutilating, or concealing a record, document, or other object with intent to impair its integrity or availability for use in an official proceeding.

26. Section 1512(c) is expressly included among the predicate offenses identified in 18 U.S.C. § 1961(1)(B).

27. Plaintiff therefore alleges, subject to discovery concerning the existence, timing, nature, and foreseeability of any official proceeding, that qualifying acts of document alteration, destruction, concealment, or other obstruction may constitute predicate acts under §§ 1512 and 1961(1)(B).

28. Plaintiff further alleges that any such conduct must be evaluated according to the actual timing and knowledge of the participants. Plaintiff does not presently contend that a later proceeding can retroactively transform an otherwise lawful record-management decision into an obstruction offense.

**E. Pattern of Racketeering Activity**

29. Plaintiff alleges that the predicate acts were related because they were undertaken in furtherance of a common purpose involving the preparation, dissemination, concealment, correction, alteration, or suppression of information concerning FET's financial condition, SEC-related matters, accounting matters, and public disclosures.

30. Plaintiff further alleges that the predicate acts, if established, were not isolated or accidental events but formed part of a continuing course of conduct involving multiple communications, records, disclosures, and participants.

31. Plaintiff alleges that the relationship and continuity requirements of 18 U.S.C. § 1961(5) and applicable Supreme Court precedent must be evaluated after discovery of the underlying communications, records, metadata, revision histories, and authorization records.

32. Plaintiff relies upon H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 239 (1989), which explains that a RICO pattern requires related predicate acts that amount to or pose a threat of continued criminal activity, that has occurred and I believe will continue to occur.

**F. RICO Conspiracy**

34. To the extent two or more persons agreed that the enterprise would be conducted through a pattern of qualifying racketeering activity, Plaintiff alleges a conspiracy in violation of 18 U.S.C. § 1962(d).

35. Plaintiff alleges that an agreement may be established through coordinated conduct, communications, acts of concealment, shared operational objectives, or other circumstantial evidence demonstrating an agreement to participate in the enterprise through qualifying predicate acts.

36. Plaintiff does not rely merely upon parallel conduct or the existence of professional relationships. Plaintiff alleges that discovery may establish communications or other evidence demonstrating an agreement concerning the execution or concealment of qualifying predicate acts.

**G. Civil RICO Injury and the Securities-Fraud Limitation**

37. Plaintiff recognizes the limitation imposed by 18 U.S.C. § 1964(c), which provides a civil remedy to a person injured in business or property by reason of a violation of § 1962 but provides that a person may not rely upon conduct that would have been actionable as fraud in the purchase or sale of securities to establish a civil RICO violation, subject to the statutory exception for a criminal conviction.

38. Plaintiff therefore does not contend that the alleged securities-fraud allegations, standing alone, establish a civil RICO claim.

39. Plaintiff instead alleges that any RICO claim must rest upon independently

qualifying predicate conduct, including mail fraud, wire fraud, or other offenses expressly enumerated in § 1961(1), and upon an injury cognizable under § 1964(c) that was proximately caused by the RICO violation.

40. Independent record destruction obstruction in advance of possible bankruptcy proceeding, plus independent wire/mail fraud, plus an enterprise, plus a pattern, plus an injury to business/property independent of the securities purchasers. In this set of facts also privacy violations by Microsoft, Google and Apple also contributed and were independent of actions taken to affect security purchasers.

41. As alleged in the description of the predicate offenses the motivation for such conduct included a personal relationship between employees of these companies and other individuals involved with a Bosnian war criminal’s personal stripper and the desire to inflict damage to business or property independent of the securities violation.

41. Plaintiff further recognizes that the Fifth Circuit requires a civil RICO plaintiff to establish both but-for and proximate causation between the RICO violation and the alleged injury. See Torres v. S.G.E. Management, L.L.C., 803 F.3d 441–42 (5th Cir. 2015).

42. Plaintiff therefore reserves amendment of the RICO injury allegations following discovery establishing further information on the particular economic injury, the transaction or property affected, the predicate act causing that injury, and the causal relationship between the racketeering conduct and Plaintiff's injury.

**H. Rule 9(b) and Discovery**

42. To the extent the RICO allegations rely upon fraud, Plaintiff recognizes that the Fifth Circuit applies Federal Rule of Civil Procedure 9(b) to RICO claims resting upon allegations of fraud. See Tel-Phonic Services, Inc. v. TBS International, Inc., 975 F.2d 1134, 1139 (5th Cir. 1992).

43. Plaintiff presently lacks access to the SEC's EDGAR audit records, FET's historical document-management systems, original earnings-call recordings, transcript revision histories, internal accounting records, email archives, website-management records, and communications concerning any request to remove or alter historical disclosures.

44. Plaintiff therefore pleads the facts presently known and identifies the specific categories of evidence necessary to determine the dates, participants, communications, and mechanisms of the alleged conduct.

45. Plaintiff requests discovery concerning:

a. EDGAR submission and correction histories;

b. SEC records concerning any request to correct, redact, delete, or otherwise modify the relevant filings;

c. FET records concerning any such request;

d. website publication and deletion logs;

e. Internet-archive correspondence or requests concerning historical FET materials; f. original and revised earnings-call transcripts;

g. original audio recordings;

h. metadata and revision histories;

i. accounting records and supporting schedules;

j. communications concerning the SEC inquiry;

k. communications concerning any alleged deletion or alteration;

l. communications with outside auditors concerning the relevant matters; and m. records identifying persons who authorized, directed, implemented, or reviewed any alteration or removal.

46. Plaintiff seeks leave to amend this Count after discovery identifies the particular predicate acts, participants, enterprise structure, communications, and injury required by §§ 1961–1964.

**I. Relief**

47. To the extent Plaintiff establishes a private civil RICO claim under § 1964(c), Plaintiff seeks the remedies authorized by law, including treble damages, costs, and reasonable attorney's fees.

48. Plaintiff also seeks such equitable or other relief as may independently be available under the applicable federal causes of action, but does not contend that § 1964(c) itself authorizes relief against the United States or waives sovereign immunity.

# XII. STATUTE OF LIMITATIONS AND DISCOVERY

1. Plaintiff alleges that the relevant facts were not reasonably discoverable before August 2026 because the allegedly missing historical records appeared to have not existed as ordinary public EDGAR filings and the fact of their removal or alteration was not apparent from the remaining public record.
2. Plaintiff originally thought that the 8-K was present when investing in the stock but never looked because I thought the company would take ownership of governance lapses due to the extent of their actions in response and reports of fraud.
3. Upon search for them at the beginning of litigation in 2025 I was not able to find the 8-K so I assumed it did not exist. Since that time it has become clear to me through small changes made to documents in PACER discovered August 3rd, 2026 that changes are made to documents after the fact in government databases and that is what triggered the filing of this complaint. Some letters and small changes were evident in my complaint.
4. Microsoft also has been hitting edit and undo live on my computer at night since 2019 when I apply to jobs. Will amend with citation to new court case involving Wild Bill at Microsoft and his gang of deputized vigilantes at Google, Apple, and Garmin because Google will not accept a preservation request/C&Desist without court order.
5. Plaintiff further alleges that material evidence concerning the removal or alteration was within Defendants' possession, custody, or control.
6. Plaintiff exercised reasonable diligence under the circumstances.
7. Plaintiff did not knowingly waive or abandon any claim.
8. To the extent any claim is governed by a limitations period running from injury or accrual, Plaintiff alleges that the claim accrued no earlier than the date on which Plaintiff reasonably discovered the injury and its factual connection to Defendants' conduct, to the extent applicable law permits such accrual rule.

9. Plaintiff seeks all relief permitted by applicable federal law.

# XIII. PRESERVATION OF EVIDENCE

1. Plaintiff requests that all Defendants immediately preserve all relevant electronically stored information.
2. Such preservation shall include:
a. original and revised FET earnings-call transcripts;
b. original audio recordings;
c. webcast recordings;
d. transcript metadata;
e. transcript vendor records;
f. email and other communications concerning revisions;
g. SEC EDGAR audit logs;
h. historical copies of the relevant FET Form 8-K.
i. records concerning any deletion or removal request;
j. records concerning the SEC letter of inquiry or investigation;
k. SEC correspondence with FET;
l. records concerning application of the 2020 Regulation S-K amendments to historical filings; m. records concerning application of 17 C.F.R. § 200.80f to the historical FET filings; and
n. records identifying any disposition schedule, disposition authority, or records-management instruction relied upon in disposing of the historical filings.

# XIV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:
A. Declare unlawful any SEC action that retrospectively deleted, destroyed, disposed of, or otherwise eliminated historical FET EDGAR filings without statutory or regulatory authority;
B. Require the SEC to identify the legal authority, date, decision maker, and reason for any deletion, destruction, disposition, removal, or alteration;
C. Require restoration of improperly removed historical filings where legally appropriate;
D. Require the SEC to preserve records subject to any continuing retention requirement;
E. Require preservation and production of the relevant administrative record;
F. Require preservation of the original FET earnings-call recordings and all transcript versions for Q2 2016 and 2017.
G. Enjoin further destruction or alteration of relevant historical records;
H. Award such damages as may be available under an applicable waiver of sovereign immunity and legally cognizable cause of action;
I. Award costs and any other costs authorized by law; and
J. Grant such other relief as the Court considers just and proper.

Respectfully submitted,

Andrew Parker
4374 Galen Court, Birmingham AL, 35242
205-587-0174
Drewparker958@gmail.com
Date: 11/13/2026